UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pinki Sheth, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>Caremark, LLC<br>One CVS Drive<br>Woonsocket, Rhode Island 02895; and<br><br>CVS Caremark Corporation<br>One CVS Drive<br>Woonsocket, Rhode Island 02895; and<br><br>CVS Health<br>One CVS Drive<br>Woonsocket, Rhode Island 02895.<br><br>　　　　　　　Defendants. | No. _____<br><br>**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |

**COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND**

Now comes Plaintiff, Pinki Sheth, individually and on behalf of all others similarly situated, by and through her attorney, Michael L. Fradin, and hereby brings this Collective/Class Action Complaint against Defendants, Caremark, LLC and CVS Caremark Corporation and CVS Health and states as follows:

**INTRODUCTION**

1.　　This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Pinki Sheth (hereinafter referred to as Plaintiff), individually and on behalf of all similarly situated persons for the Defendants' willful violations of the Fair Labor Standards Act (FLSA), 29 U.S.C.§ 201, *et seq.*, the Illinois Minimum Wage Law, §§ 820 ILCS 105/1 *et. seq*. (IMWL), the Illinois Wage Payment and Collection Act, §§ 820 ILCS

1

115/1 *et seq*. (IWPCA), and common law.

2. Caremark, LLC and CVS Caremark are prescription benefit management subsidiaries of CVS Health, a pharmacy/ health care conglomerate.

3. Plaintiff and similarly situated employees worked data entry/order entry jobs with similar responsibilities. Although job titles may differ, the Data Entry/Order Entry positions include those with titles that include variations such as Pharmacy Technician RX Entry, Data/Order Entry, Physician Outreach, and/or Accounts Payable/Receivable. These positions will be collectively referred to herein as "Representatives."

4. In order to perform their jobs, Representatives are required to boot up their computers and start-up and log-in to various computer programs, software programs and applications before the start of their scheduled shifts. This process takes approximately 8 to 24 minutes per shift. Representatives typically spend 5- 15 minutes before the start of their scheduled shifts booting up their computers, starting up and logging in to various computer programs, software programs, and applications, and reading work-related e-mails. Representatives also spend 5-15 minutes at the end of their scheduled shifts closing out their computers, closing and logging out of various computer programs, software programs, and applications, and reading work-related e-mails

6. Defendants have at all relevant times maintained, and continues to maintain, a common policy of failing to pay Representatives for the time they spend before the start of their scheduled shifts performing the foregoing pre-shift activities, all of which direct benefit Defendant and are essential to their responsibilities as Representatives.

7. Specifically, Defendants prohibit their Representatives from clocking prior to the start of their scheduled shifts. Because it takes Representatives a significant amount of time to boot up their computers and start-up and log-in to various computer programs, software programs, and applications, Defendants' rule compels them to perform these activities **before** clocking into

Defendants' timekeeping system.

8. As a result of Defendants' unlawful common policies, Representatives are deprived of approximately 10 to 30 minutes per day, including time in excess of 40 hours in a workweek, in violation of the FLSA, the IMWL, the IWPCA, and Defendant's contractual obligation to pay Representatives for all hours worked.

9. Defendants knew or could have easily determined how long it took for its Representatives to complete the pre-shift start-up/log-in process and Defendant could have properly compensated Plaintiff and the Class for the pre-shift start-up/log-in work they performed but did not.

10. The named Plaintiff is a former Representative who worked for Defendant on an hourly basis.

11. Plaintiff brings this action on behalf of herself and all other similarly situated hourly employees of Defendants to obtain declaratory relief and recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

13. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA may be maintained against any employer . . . in any Federal or State court of competent jurisdiction.

14. Defendants' annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendants' Representatives engage in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

15. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise under the same facts as their federal claims.

16. This court has personal jurisdiction over Defendants because they do substantial business within this jurisdiction.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff worked within this district.

## PARTIES

18. Plaintiff is a resident of Chicago, Illinois, and was employed by Defendant as a pharmacy clerk from 2006 through February 2020. Plaintiff signed a consent form to join this lawsuit, which is attached hereto as **Exhibit 1.**

19. Defendants Caremark, LLC and CVS Caremark are prescription benefit management subsidiaries of CVS Health, a pharmacy/ health care conglomerate.

20. Defendants Caremark, LLC, CVS Caremark, and CVS Health are all headquartered in Woonsocket, Rhode Island.

## GENERAL ALLEGATIONS

21. Plaintiff served as a Pharmacy Clerk for Defendants at its Mount Prospect location and at home from 2006 through February, 2020.

22. Throughout her employment with Defendant, Plaintiff regularly worked off-the-clock as part of her job as Pharmacy Clerk.

23. In order to perform their jobs, Plaintiff and all other Pharmacy Clerks, Patient Access Representatives, and Customer Service Representatives were required to boot up their computers and start-up and log-in to various computer programs, software programs, and applications before the start of their scheduled shifts.

24. The time Plaintiff and all other Pharmacy Clerks spent booting up their computers,

4

starting up and logging in to various computer programs, software programs, and applications, and reading work-related e-mails benefited Defendants and was essential to their responsibilities as Representatives of Defendants.

25. As a result of Defendants' unlawful common policies, Plaintiff and all other Representatives were deprived of approximately 15 to 30 minutes per day.

26. Plaintiff was not paid for all time in excess of 40 hours in a workweek in violation of the FLSA, the IMWL, the IWPCA, and Defendants' contractual obligation to pay Representatives for all hours worked.

27. At all relevant times, Defendants were Plaintiff's employer and/or directed and directly benefited from the work performed by Plaintiff and all other Representatives before and after their shifts.

28. At all relevant times, Defendants controlled Plaintiff's and all other Representatives' work schedule, duties, protocols, applications, assignments, and employment conditions.

29. At all relevant times, Defendants were able to track the amount of time that Plaintiff and all other Representatives spent in connection with the pre-shift start-up/log-in process as well as reading work-related e-mails; however, Defendants failed to document, track, or pay Plaintiff and the putative Collective for the pre-shift and post-shift work that they performed in connection with each shift.

30. At all relevant times, Defendants' policies and practices deprived Plaintiff and the putative Collective of wages owed for the pre-shift activities Plaintiff and the putative Collective performed. Because Plaintiff and the putative Collective typically worked 40 hours or more in a workweek, Defendants' policies and practices also deprived Plaintiff and the putative Collective of overtime pay at a rate of 1.5 times their regular rate of pay, as required under the FLSA.

31. Defendants knew or should have known that the time Plaintiff and all other

Representatives spent before the start of their scheduled shifts booting up their computers, starting up and logging in to various computer programs, software programs, and applications, and reading work-related e-mails is compensable under the FLSA, IMWL, IWPCA, and the common law.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> All current and former hourly Pharmacy Technician RX Entry Representatives, Data/Order Entry Representatives, Physician Outreach Representatives, and/or Accounts Payable/Receivable Representatives who worked for Defendants at any time within the three years preceding the commencement of this action and the date of judgment.

(hereinafter referred to as the Collective). Plaintiff reserves the right to amend this definition as necessary. Excluded from the Collective are Defendants' executives, administrative and professional employees, including computer professionals and outside sales-persons.

33. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are similarly-situated to Plaintiff under 29 U.S.C. § 216(b). The Collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practice, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

34. The employment relationships between Defendant and every Collective member are the same and differ only in name, location, and rate of pay. The key issues – the amount of uncompensated pre-shift time owed to each employee – do not vary substantially from Collective member to Collective member.

35. The key legal issues are also the same for every Collective member, to wit: whether the 11 to 29 minutes of pre-shift time is compensable under the FLSA.

36. Plaintiff estimates that the Collective, including both current and former employees over the relevant period, will include hundreds of members. The precise number of Collective members should be readily available from a review of Defendants' personnel and payroll records.

## RULE 23 ILLINOIS CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> All current and former hourly Pharmacy Technician RX Entry Representatives, Data/Order Entry Representatives, Physician Outreach Representatives, and/or Accounts Payable/Receivable Representatives who worked for Defendants in Illinois at any time within the three years preceding the commencement of this action and the date of judgment.

(hereinafter referred to as the Rule 23 Illinois Class). Excluded from the Collective are Defendants' executives, administrative and professional employees, including computer professionals and outside sales-persons. Plaintiff reserves the right to amend this definition as necessary.

38. The members of the Rule 23 Illinois Class are so numerous that joinder of all Rule 23 Illinois Class members in this case would be impractical. Plaintiff reasonably estimates that there are hundreds of Rule 23 Illinois Class members. Rule 23 Illinois Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

39. There is a well-defined community of interest among Rule 23 Illinois Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Illinois Class. These common legal and factual questions include, but are not limited to, the following: whether the pre-shift time Rule 23 Illinois Class members spend on pre-shift activities prior to clocking in for each shift is compensable time; and whether Rule 23 Illinois Class members are owed wages for time spent performing pre-shift and post-shift activities, and if so, the appropriate amount thereof.

40. Plaintiff's claims are typical of those of the Rule 23 Illinois Class in that she and all

other Rule 23 Illinois Class members suffered damages as a direct and proximate result of the Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Illinois Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Illinois Class members.

41. Plaintiff will fully and adequately protect the interests of the Rule 23 Illinois Class and she has retained counsel who are qualified and experienced in the prosecution of Illinois wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Illinois Class.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Illinois Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

43. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendants all have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

44. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) (–[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action).

45. Because Defendants acted and refused to act on grounds that apply generally to the

Rule 23 Illinois Class and declaratory relief is appropriate in this case with respect to the Rule 23 Illinois Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.***

46. Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

47. At all times relevant to this action, Defendants were an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

48. Defendants are engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

49. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

50. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

51. At all times relevant to this action, Defendants suffered or permitted Plaintiff and all similarly situated current and former employees to work and thus employed them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

52. At all times relevant to this action, Defendants required Plaintiff and all similarly situated current and former Collective members to perform 11 to 29 minutes of pre-shift work activities per shift, but failed to pay these employees the federally mandated minimum wage or overtime compensation for such time.

53. The pre-shift off-the-clock work performed by Plaintiff and all similarly situated Collective members every shift was an essential part of their jobs and these activities and the time

associated with these activities is not *de minimis*.

54. In workweeks where Plaintiff and other Collective members worked 40 hours or more, the uncompensated pre-shift time, Defendant should have been paid them at the federally mandated rate of 150% of each employee's regularly hourly wage. 29 U.S.C. § 207.

55. Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have easily determined how long it took for its Representatives to complete the pre-shift activities and Defendants could have properly compensated Plaintiff and the Collective for such time, but did not.

56. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
### (Rule 23 Illinois Class Action)
**VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW,
§§ 820 ILCS 105/1 *et. seq.*__**

57. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

58. At all times relevant to the action, Defendants were an employer covered by the mandates of the Illinois Minimum Wage Law, and Plaintiff and the Rule 23 Illinois Class are employees entitled to the IMWL's protections.

59. The Illinois Minimum Wage Law, §§ 820 ILCS 105/1 *et. seq.* requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay of hours worked in excess of forty (40) per week. *See* § 820 ILCS 105/4; 820 ILCS 105/4a.

60. 820 ILCS 105/12(a) provides that an employee who is not paid in accordance with the Illinois Minimum Wage Law may recover in a civil action the amount of any such

underpayments together with liquidated damages, punitive damages, interest, and attorneys' fees and costs.

61. Defendants violated the IMWL by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Illinois Class for the time spent on the work activities described in this Complaint, including hours worked in excess of 40 in a workweek.

62. As a result, Plaintiff and the Rule 23 Illinois Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Illinois Class are entitled to recover unpaid wages owed, interest, punitive damages, liquidated damages, costs and attorneys' fees, and other appropriate relief under the IMWL at an amount to be proven at trial.

## COUNT III
### (Rule 23 Illinois Class Action)
**VIOLATIONS OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, §§ 820 ILCS 115/1 *et seq.***

63. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

64. At all times relevant to the action, Defendants were an employer covered by the mandates of the Illinois Wage Payment and Collection Act, and Plaintiff and the Rule 23 Illinois Class are employees entitled to the IWPCA's protections.

65. The Illinois Wage Payment and Collection Act, §§ 820 ILCS 115/1 *et seq.* requires that –[a]ll wages earned by any employee … shall be paid. § 820 ILCS 115/4.

66. Under 820 ILCS 115/14(a), an employee aggrieved by an employer's violation of the Illinois Wage Payment and Collection Act is entitled to recover the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

67. Defendant violated the IWPCA by regularly and repeatedly failing to compensate

Plaintiff and the Rule 23 Illinois Class for the time spent on the work activities described in this Complaint.

68. As a result, Plaintiff and the Rule 23 Illinois Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Illinois Class are entitled to recover unpaid wages owed, interest, punitive damages, liquidated damages, costs and attorneys' fees, and other appropriate relief under the IWPCA at an amount to be proven at trial.

**Count IV**
**(Rule 23 Illinois Class Action)**
**BREACH OF CONTRACT**

69. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

70. At all times relevant to this action, Defendants had a contract with Plaintiff and every other Rule 23 Illinois Class member to pay each employee for each hour they worked at a pre-established (contractual) regularly hourly rate.

71. Each Rule 23 Illinois Class member's contractual hourly rate is identified in paystubs and other records that Defendants prepares as part of its regular business activities.

72. Plaintiff and every other Rule 23 Illinois Class member performed under the contract by doing their jobs and carrying out the pre-shift activities that Defendants required or accepted.

73. By not paying Plaintiffs and every other Rule 23 Illinois Class member the agreed upon hourly wage for the pre-shift start-up/log-in activities performed prior to clocking in for each shift, Defendants systematically breached its contracts with Plaintiff and each member of the Rule 23 Illinois Class.

74. Plaintiff's and the Rule 23 Illinois Class members' remedies under the FLSA are inadequate in this case to the extent Defendants paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., pure –gap time claims).

75. Defendants also breached their duty of good faith and fair dealing by failing to keep

12

track of the time Plaintiff and other Rule 23 Illinois Class members spent doing pre-shift activities, which is a fundamental part of an employee's job

76. As a direct and proximate result of Defendants' breaches of the contracts alleged herein, Plaintiff and every other member of the Rule 23 Illinois Class have been damaged, in an amount to be determined at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Pinki Sheth, requests the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Illinois Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claims (Counts II, III, and IV);

c. Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action Class members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as the representative of the FLSA collective action Class and the Rule 23 Illinois Classes, and undersigned counsel as Class counsel for the same;

e. Declaring Defendants violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f. Declaring Defendants' violation of the FLSA was willful;

g. Declaring Defendants violated the IMWL and that said violations were intentional, willfully oppressive, fraudulent and malicious;

h. Declaring Defendants violated IWPCA and that said violations were intentional, willfully oppressive, fraudulent and malicious;

i. Declaring Defendants breached its contracts with Plaintiff and the members of the Rule 23 Illinois Class by failing to pay them for each hour they worked at a pre-established (contractual) regularly hourly rate;

j. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the collective action Class and the Rule 23 Illinois Class, the full amount of damages and liquidated damages available by law;

k. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

l. Awarding Statutory Damages pursuant to the IMWL and IWPCA.

m. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

n. Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff, Pinki Sheth, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: February 28, 2021

/s *Michael L. Fradin*
Michael L. Fradin, Attorney at Law (Bar No. 6289502)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Ph: 847-*986-5889*
F: 847-673-1228
mike@fradinlaw.com


*Attorney for Plaintiff*