UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINKI SHETH, individually and on behalf of others similarly situated, | Civil Action No. 1:21-cv-01155 |
| Plaintiffs, | Judge Thomas M. Durkin |
| v. | |
| CAREMARK, LLC, CVS Caremark Corporation, and CVS Health, | Magistrate Judge Young B. Kim |
| Defendants. | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Pinki Sheth ("Plaintiff") and the Defendant Caremark, LLC ("Defendant") (collectively "the Parties"), respectfully move this Court to issue an Order approving the Parties' Settlement Agreement and General Release. In support of this Motion, the Parties state as follows:

1. On February 28, 2021 Plaintiff filed her Collective and Class Action Complaint and behalf of herself and similarly situated others. ECF No. 1. Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law, § 820 ILCS 105/1 *et. seq.*, the Illinois Wage Payment and Collection Act, § 820 ILCS 115/1 *et seq.*, and the common law arising out of booting up and starting her computer and related software applications before the start of her shift each day and closing and logging out of her computer and related programs at the end of her shift each day. *Id.*

2. On April 30, 2021 Defendant Caremark LLC filed its Motion to Compel Arbitration based on an arbitration agreement Plaintiff signed during her employment.

3. On May 3, 2021 this Court entered a briefing schedule such that Plaintiff's Response was due June 14, 2021 and Defendant's Reply was due July 1, 2021. On July 20, 2021, this Court

77947169v.1

granted Plaintiff's Unopposed Motion to Modify Briefing Schedule and granted Plaintiff until August 12, 2021 to respond to Defendant's Motion to Compel Arbitration.

4. On August 12, 2021, this Court entered an order (ECF No. 17) staying the case until October 11, 2021, for the purpose of permitting the Parties to engage in informal discovery and settlement discussions during the stay.

5. Thereafter, the Parties engaged in informal discovery and settlement discussions and reached an agreement in principle on a settlement of the case. Because the case involves claims under the Fair Labor Standards Act, the Parties informed the Court that they would seek Court approval of their settlement. The Court granted the Parties request to submit their joint motion for approval for the Court's consideration by December 15, 2021.

6. The Parties have agreed to resolve this action and have memorialized that agreement in a Settlement Agreement and General Release, attached hereto as Exhibit A.

7. Because this action was brought under the FLSA, the Parties seek the Court's approval of the terms of their settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring Court or Department of Labor approval for FLSA settlements and explaining low standard for judicial review when parties are represented by counsel); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). A district court should approve an FLSA collective action settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Soto v. Wings 'R Us Romeoville, Inc.*, No. 15 C 10127, 2018 WL 1875296, at *1 (N.D. Ill. Apr. 16, 2018).

8. The settlement in this case was the result of contested litigation. The case was actively litigated by both parties. Defendant moved to dismiss Plaintiff's complaint and to compel arbitration and the Parties would have actively engaged in discovery and seen the case through a dispositive motion or hearing in an arbitral forum.

9. The settlement in this case a fair and reasonable resolution of a *bona fide* dispute between the Parties. "If the proposed settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions," courts may approve the agreements to encourage settlement of litigation. *Lynn's Food Stores, Inc.*, 679 F.2d 1355. Courts assess the following factors when determining whether a settlement is "fair and reasonable:" (1) whether the parties fairly and honestly negotiated the settlement; (2) if serious questions of law and fact existed that placed the ultimate outcome of the litigation in doubt; (3) whether the value of immediate settlement outweigh the mere possibility of future relief after protracted litigation; and (4) whether the settlement is deemed fair and reasonable by the Parties. *Soto*, 2018 WL 1875296, at *1.

10. Here, the factors favor approving the settlement as proposed by the Parties. First, the settlement amount fairly compensates Plaintiff for approximately 100% of her alleged unpaid wages spent on pre-and-post shift boot-up and shut down time, an equal amount in liquidated damages, and 67% of her attorneys' fees and costs. See Exhibit B, Decl. of Michael L. Fradin.

11. Second, the settlement accounts for the risk that Plaintiff will not successfully prove entitlement to her full alleged damages. A Court or an arbitrator may find that the time spent booting the computer up and down is not compensable under the Portal-to-Portal Act of 1947, which provides that an employer need not compensate employees for "activities which are preliminary or postliminary to [the] principal activity or activities" of a given job. 29 U.S.C. § 254(a). A Court or an arbitrator may also find that the only "work" Plaintiff performed before clocking in and out was hitting the power button on the computer, resulting in time so minimal that FLSA regulations would not require it to be tracked or compensated. *See* 29 C.F.R. § 785.47. Thus, serious questions of law and fact existed that placed the ultimate outcome of the litigation in doubt.

12. Additionally, the value of immediate settlement outweighs the mere possibility of future relief after protracted litigation. Defendant moved to compel arbitration and a settlement now

will allow Defendant to divert funds from lawyers' fees anticipated to greatly accumulate as the litigation moved forward in this forum or before an arbitrator.

13. Finally, the Parties themselves deem their agreement fair and reasonable. The settlement was negotiated at arm's-length by experienced employment attorneys, as both Plaintiff's counsel and Defense counsels routinely handle employment cases, including those brought under the FLSA. The Parties have entered into this settlement voluntarily and knowingly and all understand fully the meaning and effect of their actions.

14. The Parties thus respectfully request that the Court review the Settlement Agreement and General Release attached as Exhibit A and grant its approval as one that is a fair and reasonable resolution of this dispute.

WHEREFORE the Parties respectfully request that the Court enter an order granting approval of the settlement reached by the Parties in this action as embodied in their Settlement Agreement and General Release as a fair and reasonable resolution of a *bona fide* dispute; and entering judgment dismissing this action with prejudice in accordance with the settlement agreement.

Dated: December 15, 2021

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| Plaintiff Pinki Sheth | Defendant Caremark, LLC |
| By: /s/ *Michael L. Fradin* | By: /s/ *Christina Jaremus* |
| Michael L. Fradin<br>8401 Crawford Avenue, Suite 104<br>Skokie, Illinois 60076<br>mike@fradinlaw.com<br>Telephone: (847) 986-5889<br>Facsimile: (847) 986-5889<br>*Attorney for Plaintiff* | Christina Jaremus<br>SEYFARTH SHAW LLP<br>233 South Wacker Drive, Suite 8000<br>Chicago, Illinois 60606-6448<br>cjaremus@seyfarth.com<br>Telephone: (312) 460-5000<br>Facsimile: (312) 460-7000<br>*Attorney for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2021, I electronically filed the foregoing **Joint Motion For Approval of FLSA Settlement** with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Michael L. Fradin*
Michael L. Fradin
